# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CARLOS LAMPLEY (#445179)                                  CIVIL ACTION NO.

VERSUS                                                                         17-621-SDD-EWD

J. BROWN, ET AL.

## RULING AND ORDER

Before the Court is a Motion for Leave to File Second Supplemental Memorandum in Support of Motion to Dismiss or Extend All Deadlines and Compel Discovery Responses ("Motion for Leave")[1] and a Motion to Dismiss Plaintiff's Claims or Compel Discovery Responses and Extend Deadlines ("Motion to Dismiss"),[2] both filed on behalf of Joyce Brown ("Brown") and Johnny Scott ("Scott") (collectively "Defendants"). The Motion to Dismiss is unopposed.[3] For the following reasons, the Motion for Leave is denied and the Motion to Dismiss is granted in part and denied in part without prejudice.[4]

Regarding the Motion to Dismiss, Carlos Lampley ("Plaintiff"), who is representing himself, alleges that Brown, Scott and the East Baton Rouge Parish Prison were deliberately indifferent to his serious medical needs.[5] Defendants previously filed a Motion to Dismiss, which was granted in part, dismissing the East Baton Rouge Parish Prison, as well as Plaintiff's claims for injunctive relief against Brown and Scott and Plaintiff's claims for monetary damages against Brown and Scott in their official capacities.[6] Discovery was stayed while the prior Motion to

---

[1] R. Doc. 61.
[2] R. Doc. 49.
[3] The deadline for filing an opposition to the Motion for Leave has not yet passed, but because the Court is denying the Motion, it is unnecessary to wait for an opposition.
[4] Because the alternative request in the Motion to Dismiss--to extend discovery and dispositive motion deadlines--is a non-dispositive request that will be granted, this Order is issued under 28 U.S.C. § 636(b)(1)(A).
[5] R. Doc. 1.
[6] R. Docs. 32 & 35.

Dismiss was pending and was recommenced when the Ruling regarding the Motion to Dismiss was issued on August 27, 2019.[7] The parties were advised that the deadline for discovery was November 25, 2019, and the deadline for cross-motions for summary judgment was December 26, 2019.[8]

### A. Discovery Requests from Brown

Brown propounded discovery to Plaintiff on November 5, 2019.[9] Thereafter, Brown sent a letter to Plaintiff to serve as a discovery conference pursuant to Federal Rule of Civil Procedure 37, and in the letter, granted Plaintiff until November 19, 2019 to answer discovery.[10] Plaintiff filed a motion for extension of the deadlines,[11] which was granted, and the deadlines for discovery and cross-motions for summary judgment were extended to December 26, 2019 and January 27, 2020, respectively.[12] Further, in response to Plaintiff's request, this Court ordered Plaintiff to submit responses to Brown's discovery requests by December 9, 2019.[13]

This Motion to Dismiss was filed on December 13, 2019. After the filing of the Motion to Dismiss, Plaintiff mailed responses to discovery to Brown.[14] Brown was given leave to file a supplemental memorandum in support of the Motion alleging the responses were inadequate.[15] Since the filing of the motion for leave to file supplemental memorandum,[16] Plaintiff has also filed supplemental responses to Brown's discovery requests.[17]

---

[7] R. Docs. 31 & 35.
[8] R. Doc. 39.
[9] R. Docs. 41, 42, & 43. Though the discovery is dated September 26, 2019, it was not filed into the record until November 5, 2019.
[10] R. Doc. 44.
[11] Plaintiff also requested an extension of time to respond to Brown's discovery requests, which was also granted.
[12] R. Doc. 48.
[13] R. Doc. 48.
[14] The discovery responses were not originally filed into the record, but they were filed into the record as an exhibit to the supplemental memorandum filed by Defendants. Plaintiff's supplemental responses were filed into the record correctly. (R. Doc. 60).
[15] R. Doc. 63.
[16] R. Doc. 50.
[17] R. Doc. 60.

### B. Discovery Requests from Scott

Regarding discovery allegedly propounded by Scott, pursuant to this Court's prior Order,[18] all discovery requests and responses are to be filed into the record. Scott did file into the record a letter purporting to be a Rule 37 notice, which extended Plaintiff's deadline to respond to Scott's discovery.[19] The discovery requests Scott had allegedly previously propounded were attached to the letter,[20] however, because Scott's discovery requests were not filed into the record, except as an attachment to a letter, they were not properly served.[21]

### C. Defendants' Motion for Leave is Denied

As to the argument that Plaintiff did not contact defense counsel during the week of March 16-20 to discuss the outstanding discovery issues, as defense counsel are no doubt aware, a public health emergency was declared by Louisiana Governor John Bel Edwards on March 11, 2020, and a national state of emergency was declared by President Donald Trump on March 13, 2020. Those states of emergency continue today. The fact that Plaintiff, an incarcerated person, was unable to get in contact with defense counsel in the middle of a global pandemic is hardly surprising. Further, as the Motion for Leave seeks to add additional arguments regarding the discovery propounded by Scott, which is not properly before the Court because Scott's discovery requests were not properly filed into the record, the Motion for Leave will be denied.

### D. It is Proper to Extend Discovery and Dispositive Motion Deadlines

Defendants have pivoted from the original basis for their Motion to Dismiss—that Plaintiff failed to provide responses to their discovery requests at all—to complaints about the sufficiency of the responses. A court must balance the liberal construction that is to be afforded *pro se* filings

---

[18] R. Doc. 7.
[19] R. Doc. 45.
[20] R. Docs. 45-1, 45-2, & 45-3.
[21] *Cf. King v. Smith*, Civil Action No. 08-290, 2010 WL 3724303, at n. 2 (M.D. La. July 30, 2010).

with the requirements that all litigants, even those representing themselves, comply with applicable rules and orders.[22] Notwithstanding Defendants relentless effort to refine Plaintiff's responses, a response indicating uncertainty in the discovery process is rarely going to be actionable. If a party does not know the answer to a question, it is entirely appropriate for him to say he does not know. Additionally, Plaintiff has now provided further supplemental responses to Brown's discovery requests which explain the basis for previous answers of uncertainty, lay out in more specific detail the allegations against Brown and explain the reasons documents, videos and or phone recordings were not produced.[23] These answers contain sufficient explanations of the prior responses. As Defendants' request to extend discovery and dispositive motion deadlines in this case is granted, Defendants will have an opportunity to employ additional discovery tools to further refine Plaintiff's responses, should Defendants determine such efforts are necessary. Defendants are cautioned, however, that the Court expects them to engage in the same balancing of *pro se* pleadings that is required of the Court and to remain mindful of the mandates of Federal Rule Civil Procedure 1 that the rules are to be "construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding."

### E. Dismissal is Improper

Dismissal of this action for late, or even incomplete, discovery responses would be improper.[24] Under Federal Rule of Civil Procedure 37, a party may move the court for an order compelling discovery. When a party fails to comply with a court order compelling discovery, the court may take appropriate action, including "dismissing the action in whole or in part" by order.[25]

---

[22] *See Daniel v. Allstate Ins. Co.*, Civil Action No. 12-2933, 2013 WL 1856156, at *2 (E.D. La April 30, 2013) ("[L]iberal construction given to a *pro se* brief is the only special treatment afforded *pro se* plaintiffs by the court. *Pro se* plaintiffs are otherwise required to know their legal rights and abide by all applicable procedural rules….") (internal quotation marks and citations omitted).
[23] R. Doc. 60.
[24] *Johnson v. Jones*, 794 Fed.Appx. 400 (5th Cir. 2019).
[25] Fed. R. Civ. P. 37(b)(2)(v).

First, this Court has not issued an order compelling discovery. The only order issued by this Court extended the deadline for Plaintiff to respond to discovery, which was issued in response to Plaintiff's request for an extension of time, not a motion to compel filed by Defendants.[26] A review of the case law indicates that sanctions as severe as dismissal are generally only imposed after a party has failed to comply with multiple court orders, usually including at least one motion to compel.[27] The only order issued in this case regarding discovery was in response to Plaintiff's motion requesting an extension of time. This is distinct from an order compelling discovery and does not entitle Defendants to sanctions.[28] Because the Court has not previously granted a motion to compel filed by any defendant, dismissal as a sanction pursuant to Rule 37 would be improper.

Second, the Fifth Circuit has "consistently recognized…that dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'"[29] Such a sanction that is seldom justified but may be appropriate when a party has acted with "stubborn resistance to authority"[30] or has acted in a such a way that they have threatened the integrity of the judicial process.[31] In deciding whether dismissal is warranted, the courts are guided by a number of considerations:

---

[26] R. Doc. 48.
[27] *See, e.g., Noranda Alumina, LLC v. Associated Terminals, LLC*, Civil Action No. 16-16677, 2018 WL 1092213 (E.D. La. Feb. 28, 2018); *Jones v. AT&T Mobility Services, LLC*, Civil Action No. 17-2315, 2018 WL 7117916 (N.D. Tex. Dec. 27, 2018).
[28] *See In re Oracle Oil, LLC*, 2019 WL 4209369 (E.D. La. Sept. 5, 2019) (The court found that sanctions were not permitted where the record reflected no motion to compel or orders compelling discovery responses, though an order had been issued requiring certain evidence to be submitted, so the court could determine an evidentiary issue. That order was considered distinct from an order compelling discovery that could lead to sanctions pursuant to Rule 37.).
[29] *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513 (5th Cir. 1985) (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981)).
[30] *See id.* at 403 (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).
[31] *Johnson*, 794 Fed.Appx. at 403 (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) quotation marks omitted). The following is an illustrative list of circumstances in which the Fifth Circuit has held dismissal for violation of a discovery order warranted: (1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order is attributable to the party instead of the attorney; (3) the violation substantially prejudices the opposing party; and (4) no lesser sanction would substantially achieve the desired deterrent effect. *F.D.I.C. v. Conner,* 20 F.3d 1367, 1384 (5th Cir.1994). *See also, Chisesi v. Auto Club Family Insurance Company,* No. 09–30826 (5th Cir.3/9/2010), 2010 WL 785173 (dismissal not

> First, dismissal is authorized only when the failure to comply with the court's order results from wilfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.[32]

Here, it appears as though Plaintiff has responded to Brown's requests for discovery to the best of his ability. With respect to Scott's requests for discovery, as those were never properly filed into the record it would be inappropriate to award dismissal as to the claims against Scott based on Plaintiff's failure to respond. Further, it does not appear that Plaintiff is acting in bad faith; rather, it appears as though Plaintiff is responding to the discovery that has been propounded to him and has been filed into the record to the best of his ability. Lastly, a trial date has not yet been set, so no party is prejudiced in preparing for trial. Thus, the severe sanction of dismissal is also improper for these reasons.

Though sanctions, including dismissal, or an order compelling further response from Plaintiff are improper at this time,[33] the Motion to Dismiss[34] is granted to the extent it requests an extension of the discovery and summary judgment deadlines previously established. All discovery shall be completed by June 1, 2020, and cross-motions for summary judgment shall be filed by no later than July 1, 2020. Accordingly,

---

an abuse of discretion where plaintiff failed to comply with the court's discovery order twice previously); *In re Liquid Carbonic Truck Drivers Chemical Poisoning Litigation MDL,* 50 F.2d 819 (5th Cir.1978) (dismissal warranted where the defendant was prejudiced in its ability to prepare for trial by the plaintiff's failure to submit to court-ordered examinations and repeated failure to serve answers to discovery); *Becker v. Toca,* No. 07–7202, 2009 WL 1706628 (E.D.La.6/16/2009) (dismissal of claims appropriate under Fed.R.Civ.P. 37 where trial was only two months away, and plaintiff failed to respond to any discovery or provide any support for or information regarding its claims for tax penalties and loss of wages).

[32] *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) (internal citations omitted).
[33] The denial of the request for dismissal is without prejudice to reurging, if appropriate.
[34] R. Doc. 49.

**IT IS ORDERED** that the Motion for Leave to File Second Supplemental Memorandum in Support of Motion to Dismiss Plaintiff's Claims or Compel Discovery Responses and Extend Deadlines[35] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Plaintiff's Claims or Compel Discovery Responses and Extend Deadlines,[36] filed on behalf of J. Brown and Johnny Scott is **GRANTED IN PART AND DENIED IN PART**. To the extent the Motion to Dismiss seeks an extension of the deadlines to complete discovery and file dispositive motions, the Motion is **GRANTED**. All discovery shall be completed by **June 1, 2020**, and cross-motions for summary judgment shall be filed by no later than **July 1, 2020**. The Motion is **DENIED** in all other respects, without prejudice to reurging if appropriate.

Signed in Baton Rouge, Louisiana, on April 6, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[35] R. Doc. 61.
[36] R. Doc. 49.