# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CARLOS LAMPLEY (#445179)**                              **CIVIL ACTION NO.**

**VERSUS**                                                          **17-621-SDD-EWD**

**J. BROWN, ET AL.**

## NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 23, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARLOS LAMPLEY (#445179)                          CIVIL ACTION NO.

VERSUS                                            17-621-SDD-EWD

J. BROWN, ET AL.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court are two Motions for Summary Judgment (collectively the "Motions"), the first filed by Defendant J. Brown ("Brown"),[1] and the second filed by Defendant Johnny Scott ("Scott").[2]  The Motions are unopposed.  For the following reasons, it is recommended that the Motions be granted.

I.      **Background**

Carlos Lampley ("Plaintiff"), an inmate incarcerated at the Dixon Correctional Institute in Jackson, Louisiana, who is representing himself, instituted this action on August 29, 2017 alleging deliberate indifference to his serious medical needs.[3]  Specifically, Plaintiff alleges that Brown failed to treat him for his hernia and that Scott forced Plaintiff to carry heavy bags despite his reported medical condition and ignored Plaintiff's request for medical attention, which caused great pain when Plaintiff lifted the bags.[4]  Plaintiff alleges as a result of the actions of the defendants, his condition worsened, and he spent months in pain.[5]  Plaintiff seeks monetary and injunctive relief.[6]

---

[1] R. Doc. 72 ("Brown's Motion").
[2] R. Doc. 73 ("Scott's Motion").
[3] The events complained of in Plaintiff's complaint arose at the East Baton Rouge Parish Prison, where Plaintiff was previously incarcerated.  *See* R. Doc. 1.
[4] R. Doc. 1, pp. 4-6.
[5] R. Doc. 1, p. 6.
[6] R. Doc. 1, p. 7.

## II.    Law & Analysis

### A.  Standard of Review

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[7]  A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[8]  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[9]  Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[10]  In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[11]

### B.  Plaintiff's Claims are Subject to Dismissal Without Prejudice because He Failed to Exhaust Administrative Remedies as Required by 42 U.S.C. § 1997e

Pursuant to 42 U.S.C. § 1997e, Plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison

---

[7] Rule 56, Federal Rules of Civil Procedure.  *See also, Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).
[8] *Celotex Corp.*, 477 U.S. at 323.
[9] *Anderson*, 477 U.S. at 248.
[10] *Celotex Corp.*, 477 U.S. at 323.
[11] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

conditions.[12]  This provision is mandatory and applies broadly to "all inmate suits about prison life."[13] A prisoner must comply with all applicable prison grievance procedures before filing a suit relative to prison conditions,[14] which includes compliance with an agency's deadlines and other critical procedural rules.[15]  The Fifth Circuit has taken a strict approach to § 1997e's exhaustion requirement, and requires that prisoners must not just substantially comply with the prison's grievance procedures, but instead must "exhaust available remedies properly."[16] One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'"[17]  The degree of specificity required in a prisoner's grievance should be evaluated in light of this intended purpose.[18]

Plaintiff did not exhaust his available administrative remedies in connection with his claims prior to filing suit in this case.  The Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility.[19]  Upon receipt of the grievance, prison officials must provide a written response (the "First Step Response") within 40 days (reduced to 5 days in connection with a Prison Rape Elimination Act claim) unless there is an extension requested or the grievance is placed on administrative backlog (because of other pending grievances).[20]

---

[12] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[13] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[14] *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

[15] *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

[16] *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

[17] *Johnson*, 385 F.3d at 516, *quoting Porter*, 534 U.S. at 525.

[18] *Id.*

[19] *See* 22 La. ADC, Part I, § 325. The administrative rules further provide that an inmate who is confronted with a matter of sufficient seriousness may bypass the normal administrative procedure and may file a grievance as one addressing a "problem of an emergency nature." *See* 22 La. ADC, Part I, § 325(H). An emergency grievance is submitted directly to the shift supervisor instead of to the warden's office.

[20] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(a).

3

If the inmate is not satisfied with the First Step Response, the inmate has five days after receipt to submit a Second Step appeal to the office of the Secretary of the Department. The Secretary's office then has an additional 45 days from "receipt" of the inmate's appeal to file a final Second Step response to the grievance.[21] No more than 90 days from the initiation to the completion of the process shall elapse, unless an extension has been granted.[22] The administrative rules further provide that, upon passage of the time allowed for a response at any step of the administrative process, the inmate may proceed unilaterally to the next step.[23]

Evidence submitted by Scott includes an affidavit of Warden Dennis Grimes ("Grimes"), the Warden of the East Baton Rouge Parish Prison, where the events complained of by Plaintiff occurred.[24] According to Grimes, Plaintiff "has not filed or initiated an inmate grievance or administrative complaint regarding the claims, injuries, or damages asserted in this action which he alleges occurred while he was incarcerated in the East Baton Rouge Parish Prison…."[25] This information is consistent with information provided in Plaintiff's unverified complaint, wherein he indicates that instead of filing any administrative grievances, he "filled out over a dozen medical request forms, and…2 or 3 medical emergency forms."[26] Because Plaintiff never even initiated the grievance procedure, his claims are unexhausted and subject to dismissal without prejudice.

Though Brown did not move for summary judgment on the basis of failure to exhaust administrative remedies, the Court possesses the inherent authority to grant summary judgment on grounds not raised by a party after giving notice and a reasonable opportunity to respond.[27] This

---

[21] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(b).
[22] *Id.*
[23] *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).
[24] R. Docs. 1 & 73-3, p. 1.
[25] R. Doc. 73-3, p. 2.
[26] R. Doc. 1, p. 3.
[27] *Fleming v. Tunica Cty. Mississippi*, 497 Fed.Appx. 381, 384-85 (5th Cir. 2012) (internal quotation marks and citations omitted).

Report and Recommendation provides adequate notice to the parties.[28]  Moreover, the defense of

failure to exhaust raised by Scott should inure to similarly situated defendants, such as Brown.[29]

Grimes has stated under oath that Plaintiff did not file any grievance with respect to the claims in

this action and Plaintiff has not provided any evidence to counter this information.  Accordingly,

all of Plaintiff's claims in this case are subject to dismissal for failure to exhaust administrative

remedies pursuant to 42 U.S.C. § 42 U.S.C. 1997e.

<u>**RECOMMENDATION**</u>

**IT IS RECOMMENDED** that the Motions for Summary Judgment, filed by Johnny

Scott[30] and J. Brown[31] be **GRANTED** and Plaintiff's claims against Johnny Scott and J. Brown

be **DISMISSED WITHOUT PREJUDICE** for failure of Plaintiff to exhaust administrative

remedies as required by 42 U.S.C. § 1997e.

Signed in Baton Rouge, Louisiana, on July 23, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] *McCoy v. Wade*, No. 06-2292, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007).
[29] *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (citations omitted).
[30] R. Doc. 73.
[31] R. Doc. 72.